**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>
OBEIDALLA BIRAIR, husband and
father of minor children; INTISAR
BIRAIR, wife and mother of minor
children  on behalf of Mo.B.; A.B.; Hy.B.;
Mu.B.; Ha.B.,

   Plaintiffs-Appellants,

 v.

JASON FLAM, in his individual capacity,

   Defendant-Appellee,

 and

EDMOND KOLYCHECK, in his
individual capacity; SARAH KRAMER, in
her individual capacity; CANDIDA
CARRION, in her individual capacity;
AMANDA TORRES, in her individual
capacity; SYBIL PADMORE, in her
individual capacity; DOES, 1-100,

   Defendants.
</td><td>
No. 19-16068

D.C. No. 2:15-cv-01807-DJH

MEMORANDUM*
</td></tr>
</table>

Appeal from the United States District Court

---

   *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted June 8, 2020
San Francisco, California

Before: SCHROEDER and BRESS, Circuit Judges, and McSHANE,** District Judge.

Plaintiff-Appellants Obeidalla and Intisar Birair (Appellants) appeal the district court's grant of summary judgment in favor of Mesa, Arizona police officer Jason Flam in their 42 U.S.C. § 1983 action challenging Flam's participation in the warrantless removal of Appellants' children by the Arizona Department of Child Services (DCS). Appellants' actions against the employees of DCS have been resolved after a district court ruling in favor of Appellants, but the district court ruled that Flam was entitled to qualified immunity. We affirm.

The facts are not disputed and Flam's actions were recorded on video. Flam responded to a DCS request for assistance and remained outside the home at all times. He did not participate in the decision to remove the children from the home, nor did he take part in the removal of the children by DCS. Flam's self-described role was to maintain the safety of all those involved, and he was not in a position to second guess the removal decision. Our decision in *Sjurset v. Button*, 810 F.3d

---

** The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

609 (9th Cir. 2015), is instructive on this point. There, we held that officers are entitled to rely on a child welfare agency employee's removal decision. *Id.* at 620.

This case is materially different from the situation in *Wallis v. Spencer*, 202 F.3d 1129 (9th Cir. 2000), upon which Appellants rely. There, the police did take part in both the decision to remove the children and the actual removal. *Id* at 1132–33. We therefore conclude there was no violation of Appellants' rights under the Fourth and Fourteenth Amendment in connection with the removal of their children.

Appellants also contend that Flam used excessive force in dealing with Mr. Obeidalla Birair. Having been summoned to the scene because Appellants "were being confrontational," Mr. Birair disobeyed Flam's orders and threatened disruption by going inside the home. Flam pointed a taser at Mr. Birair and ordered him to the ground, and another Mesa police officer handcuffed Mr. Birair for the duration of the removal. Flam's actions were objectively reasonable under the circumstances to ensure the children's safety and that of the DCS officers. *See Miller v. Clark Cty.*, 340 F.3d 959, 964 (9th Cir. 2003).

**AFFIRMED.**